UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DOW AGROSCIENCES, LLC et al.,  )  <br>        Plaintiffs,              )  <br>                                         )  <br>    vs.                                 )           1:10-cv-0039-SEB-TAB  <br>                                         )  <br>COOPER INDUSTRIES, LLC et al., )  <br>        Defendants.             ) | |

**ORDER ON MOTIONS TO SEAL**

**I.    Introduction**

"What happens in the federal courts is presumptively open to public scrutiny." *Hicklin v. Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). While secrecy is permissible at the discovery stage, documents that are part of the judicial record and influence or underpin judicial decisions must be open to public inspection unless "they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009). The parties have filed several motions with the Court [Docket Nos. 97, 113, 121, 128], which seek to seal numerous documents that are part of the record and are vital to the resolution of this litigation. As explained below, the parties' attempts to seal documents are overbroad and must be limited.

1

## II.     Discussion

   *1.     June 5, 2012, motion to seal*

Cooper seeks to seal Exhibits 1, 2, 11, 12, 14–16, and 21 to Plaintiffs' motion for leave to file an amended reply to Defendants' counterclaims. [Docket No. 97.] The Court held a telephonic status conference on June 29, 2012 [Docket No. 102], to address Cooper's motion and other related matters. The parties were given an opportunity to present argument, and thereafter the Court explained that it would deny Cooper's motion to seal [Docket No. 97] with respect to Exhibits 11, 12, 14–16, and 21, and would grant the motion as to Exhibits 1 and 2, but would require Cooper to file redacted versions of Exhibits 1 and 2 for the Court to review.

The only basis Cooper offered for sealing Exhibits 11, 12, 14–16, and 21 is that Plaintiffs labeled them as "confidential." Simply labeling documents as confidential is an insufficient basis for sealing documents. *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546–47 (7th Cir. 2004). Moreover, a review of these documents does not support that they are truly confidential. The remaining two exhibits are Exhibit 1, a settlement and license agreement, and Exhibit 2, a summary judgment motion from the Texas litigation that contains excerpts from Exhibit 1. Sealing these documents in their entirety is inappropriate because the settlement and license agreement is vital to the claims and defenses in this case. [*See, e.g.*, Docket No. 127-1 at 14–15.] Additionally, a review of these exhibits also reveals that only some parts of these documents can truly be treated as confidential. The Court therefore granted Cooper's motion [Docket No. 97] as to Exhibits 1 and 2 and ordered Cooper to file redacted versions with the Court for further review.

Consistent with the Court's ruling, Cooper filed Exhibits 1 and 2 with redactions.

[Docket No. 113.]  The redactions to Exhibit 1 include (1) the definition of BIOTEMP that contains information about the product's formula, (2) the funds exchanged as consideration for the agreement, and (3) provisions relating to the license agreement between Cooper and ABB. Redactions to Exhibit 2 consist of the same excerpts from Exhibit 1 that were redacted.  The Court finds these redactions appropriate and grants Cooper's motion [Docket No. 113] to substitute redacted versions of Exhibits 1 and 2.

    2.    *August 7, 2012, motion to seal*

Cooper also moves to seal three exhibits attached to its motion for joinder.  [Docket No. 121.]  Exhibits 1 and 2 to Cooper's motion for joinder are identical to Exhibits 1 and 2 to Cooper's response to Plaintiffs' motion for leave to file an amended reply to Defendants' counterclaims.  Cooper seeks to seal these documents despite the Court's prior ruling declining to do so.  Cooper offers no new reason to depart from the Court's prior ruling.  Accordingly, Cooper's motion [Docket No. 121] is granted, but Cooper must file redacted versions of these documents consistent with the redactions made in response to Cooper's first motion to seal.

The third document that Cooper seeks to seal is Exhibit 4, a sales contract.  [Docket No. 120-3.]  Cooper asserts that the document is confidential under the protective order and for "outside counsel's eyes only."  [Docket No. 121 at 3.]  As previously explained to the parties during the June 29 telephonic status conference, this alone is an insufficient basis to seal documents.  *See Baxter*, 297 F.3d at 546–47.  Despite Cooper's failure to provide the Court with a legal justification for sealing the document beyond merely calling it confidential, the Court recognizes that some information in the sales contract should be redacted.  Therefore, Exhibit 4 may remain under seal, but Cooper must file a redacted version of Exhibit 4 within 14 days for

the Court to review.

### 3. *August 20, 2012, motion to seal*

Dow also moves to seal several documents filed in connection with its motion for partial summary judgment. [Docket No. 128.] Specifically, Dow seeks to seal its motion for partial summary judgment, its supporting brief, Dirk Zinkweg's declaration, and the settlement and license agreement. [*Id.* at 2.] The Court declines to seal these documents in their entirety. The Seventh Circuit requires that litigants' briefs be part of the public record. *Hicklin*, 439 F.3d at 348. Moreover, there is a litany of information contained in the motion and brief that is not confidential. Similarly, Zinkweg's declaration [Docket No. 127-3] contains a variety of information that is also not confidential. Finally, for the reasons set forth during the June 29 telephonic status conference, the Court will not seal the entire settlement and license agreement. These exhibits may remain under seal, but Dow must redact those portions of the documents that are truly confidential and file them with the Court for review. Dow's motion to seal [Docket No. 128] is therefore granted, but Dow must file redacted versions of the referenced exhibits within 14 days for the Court to review.

## III. Conclusion

For the reasons above, the Court makes the following rulings. Cooper's June 5, 2012, motion to seal [Docket No. 97] is denied as to Exhibits 11, 12, 14–16, and 21, and the clerk shall unseal these documents, and granted as to Exhibits 1 and 2, which shall remain under seal. Cooper's July 13, 2012, motion to substitute redacted versions of Exhibits 1 and 2 [Docket No. 113] is granted. Cooper's August 7, 2012, motion to seal [Docket No. 121] is granted as to Exhibits 1, 2, and 4, which shall remain under seal, but Cooper must file redacted versions of

these exhibits within 14 days for the Court to review.  Finally, Dow's August 20, 2012, motion to seal [Docket No. 128] is granted, and the exhibits referenced in that motion [Docket Nos. 127, 127-1, 127-2, 127-3] shall remain under seal, but Dow must file redacted versions of those exhibits within 14 days for the Court to review.

Dated:  09/07/2012

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Brent A. Benoit
LOCKE LORD LLP
bbenoit@lockelord.com

Steven S. Boyd
LOCKE LORD
sboyd@lockelord.com

Joseph Gregory Eaton
BARNES & THORNBURG LLP
joe.eaton@btlaw.com

Daniel C. Emerson
BOSE MCKINNEY & EVANS, LLP
demerson@boselaw.com

Roy W. Hardin
LOCKE LORD LLP
rhardin@lockelord.com

Donald E. Knebel
BARNES & THORNBURG LLP
donald.knebel@btlaw.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP
amcneil@boselaw.com

Jennifer Lynn Schuster
BARNES & THORNBURG LLP
jschuster@btlaw.com

Todd G. Vare
BARNES & THORNBURG LLP
todd.vare@btlaw.com

Craig L Weinstock
LOCKE LORD BISSELL & LIDDELL LLP
cweinstock@lockelord.com